IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01447-MSK-BNB

PHATRAT TECHNOLOGY, INC.,

    Plaintiff and Counterclaim-Defendant,

vs.

TIMEX CORPORATION

    Defendant and Counterclaim-Plaintiff.

---

## CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER
## [PROPOSED]

---

**WHEREAS**, Plaintiff and Counterclaim-Defendant, PhatRat Technology, Inc. and defendant and Counterclaim-Plaintiff, Timex Corporation (the "Parties") to this action anticipate that each Party has or will request the other Party or non-parties to produce certain documents and information in preparing for trial;

**WHEREAS**, each Party regards certain documents and information it holds or which are held by non-parties to contain and/or constitute trade secret, confidential information and/or proprietary information;

**WHEREAS**, each Party believes that unrestricted and/or unnecessary dissemination of trade secret, confidential information and/or proprietary information would be to the irreparable harm of the Party or non-party providing such information; and

**WHEREAS**, the Parties agree to protect one another's and non-parties' claims to the confidential and proprietary documents and information;

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN UNDERSIGNED COUNSEL FOR THE PARTIES, AS FOLLOWS**:

1.	This Confidentiality Agreement and Protective Order ("Protective Order") shall govern (i) any designated record of documentation, things or information which is produced by any Party during settlement discussions, as well as any communication or information which is relayed or exchanged by any party during such settlement discussions and (ii) any designated record of documentation, things, information, and any evidence and any form of discovery contemplated under the Federal Rules of Civil Procedure of any type, kind or character produced in this action, including without limitation ~~the initial pleadings, briefs, memoranda or other writings filed with the Court and exhibits thereto~~, all designated deposition testimony, ~~all designated testimony taken at a hearing or other proceeding~~, interrogatory answers, documents (including electronics documents in any form), things and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, or other formal method of discovery (collectively, "Confidential Information").

2.	Except as hereinafter provided, the Parties and their counsel agree that Confidential Information may be designated as either "Confidential" or "Confidential – Attorneys Only," (as defined in paragraph 7, below) or a designation substantially similar thereto.  Upon a designation of confidentiality, the Confidential Information shall be used only for purposes necessary to the litigation or settlement of claims between and among the parties in this action (a "Permitted Purpose"), and not for any commercial, business, competitive, or other purpose (including for the purpose of filing or prosecuting patent applications) or in, or for, any other judicial or administrative proceedings, disputes, or cases without further written agreement by the parties or order of the Court.

3.	Documents designated as "Confidential" or "Confidential – Attorneys Only" shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; ~~(b) portions of pleadings which contain, summarize or reflect the content of any such documents, copies, extracts, or summaries,~~ (c) portions of deposition transcripts and exhibits thereto which contain, summarize or reflect the content of any such documents, copies, extracts,

or summaries; ~~(d) portions of briefs, memoranda or any other writings filed with the Court and exhibits thereto which contain, summarize or reflect the content of any such document, copies, extracts, or summaries;~~ (e) deposition testimony designated in accordance with paragraph 4 below; ~~and (f) testimony taken at a hearing or other proceeding that is designated in accordance with paragraphs 5 and 21 below~~.

    4.        Information disclosed or testimony elicited at a deposition may be designated as Confidential Information by either (i) identifying on the record at the deposition those portions of the testimony which are Confidential Information, or (ii) notifying in writing all parties to this Protective Order within thirty (30) days of the date of receipt of the deposition transcript or the date of this Order, whichever is later, those pages and lines of the transcript considered to be Confidential Information.  After the thirty (30) day period has elapsed, deposition testimony can only be designated as Confidential Information upon agreement of the parties or order of the Court.  During the thirty (30) days after each deposition or the date of this Order, unless otherwise agreed by the parties in particular cases, the entire transcript shall be considered as "Confidential - Attorneys Only" and shall not be disclosed to any person other than those described in Paragraph 9 below and the deponent.  Upon being informed that certain portions of deposition testimony are to be designated Confidential Information, all parties shall immediately mark each copy of the transcript in its custody or control and limit disclosure of the transcript in accordance with Paragraphs 9 and 10 below.

    5.        With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept "Confidential" or "Confidential – Attorneys Only," counsel may move to close the proceedings pursuant to D.C. Colo. L. Civ. R. 7.2.

    6.        Any document, material, or information designated by a party as Confidential Information must be reviewed by an attorney.  The designation of any document, material, or information as Confidential Information, in the manner described hereunder, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in

good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Cir. P. 26(c)(7). The parties shall endeavor to limit the use of the Confidential" or "Confidential – Attorneys Only" designations to those documents and materials that genuinely warrant the protection provided under the terms of this Protective Order.

7.      A party will make a Confidential Information designation, as is appropriate, only as to that information that contains or reflects such party's trade secrets, confidential or proprietary information, or information covered by a legitimate privacy right or interest of such party or of that party's customers, employees or agents or as to which a third party has provided documents, information or other material with the understanding that it will be kept confidential. The designation "Confidential – Attorneys Eyes Only" shall be limited to Confidential Information which is (i) highly sensitive, confidential research, development and other technical information (including without limitation software code) and/or (ii) highly sensitive, confidential financial and business information. In addition, if the production of source code is required in this action, the parties shall agree in advance as to any special limitations and/or procedures that may reasonably be requested by the producing party for the protection of such code. If the parties are unable to agree upon such limitations or procedures, the issue may be submitted to the Court for resolution.

8.      Documents containing Confidential Information may be designated as "Confidential" or "Confidential – Attorneys Only" by the producing party at the time the document is produced or served by marking each page of the whole document which contains Confidential Information with the appropriate designation. as the case may be.

9.      Except as otherwise provided by written stipulation of the parties or by further order of the Court, information designated "Confidential" may be disclosed by the party receiving such information on a need-to-know basis only to:

       a. The Court and court personnel;

       b. Outside counsel of record retained by a Party to the extent necessary for the Permitted Purpose, including the employees of such counsel necessary to assist such counsel in this action;

c. One officer, employee, agent or in-house counsel of each Party approved in advance in writing by the other Party to the extent necessary for the Permitted Purpose;

d. Expert witnesses or consultants retained by the parties or counsel of record in connection with this Litigation, but only to the extent necessary for the Permitted Purpose, provided that:

    i. The name, address, current employment (if any) and curriculum vitae, including a statement of prior expert testimony of any such expert or consultant over the last five (5) years, shall be furnished to counsel of record for the other parties more than five (5) business days before access to the Confidential Information may be given to such expert or consultant;

    ii. The other party or parties shall have five (5) business days after receipt of the information called for in subparagraph (i) above to raise an objection and notify the receiving party, in writing, that the producing party objects to disclosing Confidential Information to such expert or consultant.  Such notification shall include the basis of the objection.  The parties shall then confer, immediately and in good faith, to resolve the conflict.  If the parties cannot resolve the conflict, the receiving party may move the Court for an order allowing the requested disclosures, but no disclosure shall be made until the Court rules in favor of the receiving party; and

    iii. Before access is given, such expert or consultant signs a Confidentiality Certificate in the form attached as Exhibit A;

e. Any court reporter, typist or videographer rendering services for recording or transcribing of testimony in this action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in

       this action;

   f. Witnesses at depositions or trial, and their counsel, subject to the provisions of paragraph 16, below, and *provided* that no copies of such information shall be given to such witness or the witness' counsel to retain; and

   g. Such other persons as agreed to in writing by the parties or as determined by the Court after notice and hearing to all parties.

Notwithstanding anything foregoing to the contrary, in no case shall Confidential Information be disclosed to any attorney, patent agent, scientific advisor, technical advisor or other person who is currently substantively involved in or advises with respect to the prosecution of any U.S. or foreign patent application, including re-examination and reissue applications, directed or related to systems or methods for determining and/or reporting performance data of a moving person.  In addition, any person who is given access to Confidential Information of another Party agrees that he shall not be substantively involved in or advise with respect to the prosecution of any such patent application for a period of three (3) years from the completion of this litigation, either by settlement or through final appeal.

   10. Except as otherwise provided by written stipulation of the Parties or by further order of the Court, information designated "Confidential – Attorneys Only" may be disclosed by the party receiving such information on a need-to-know basis only to the persons identified in paragraphs 9(a), (b), (d), (e) and (f), subject to the restrictions (if any) set forth in such paragraphs.  No documents or information designated "Confidential – Attorneys Only" by a Party shall be disclosed to any other Party to this action or to any officer, director, employee, or agent of such other Party, except by written stipulation of such parties or by order of the Court.

   11. This Order shall not bar any counsel of record for a Party herein, in the course of rendering advice to such Party with respect to this litigation, from conveying to such Party counsel's evaluation in a general way of Confidential Information produced or exchanged herein; *provided*, however, that in rendering such advice and otherwise communicating with such Party, the attorney shall not disclose the specific contents of the Confidential Information produced by

another Party herein, which disclosure would be contrary to the terms of this Protective Order.

12.     Prior to receiving Confidential Information, any person, other than those identified in paragraph 9(a), (b), (e) and (f) hereto, to whom Confidential Information is disclosed shall acknowledge, by signing a copy of the attached Confidentiality Certificate, that he/she has read this Protective Order and agrees to be bound by its terms.  The original executed copy of each such Confidentiality Certificate shall be maintained by the attorney who provides the Confidential Information to any person described in paragraphs 9 and 10 above and that attorney has a duty to reasonably ensure that such person observes the terms of this Protective Order.

13.     This Protective Order does not affect the rights of the Parties with respect to their own documents or information.  The production of any Confidential Information shall not constitute an admission by the producing party nor waive the producing party's rights, with respect to the propriety of its disclosure or its relevance.  This Protective Order shall not preclude any Party from designating and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any Party be precluded from claiming as set forth below that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the proprietary of any confidentiality designation at the time of production and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14.     A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Confidential Information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective

Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

15. Any person receiving Confidential Information shall provide said Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this Protective Order and only for the purposes authorized herein.

16. In the event it becomes necessary to show any Confidential Information to a witness at a deposition who is not authorized to see it as set forth in paragraphs 9 and 10 above, the Confidential Information shall be disclosed to that witness only after the disclosing party consents to the disclosure to the deposition witness and the witness acknowledges on the record during that deposition that he/she read this Protective Order and agrees to be bound by its terms, unless the witness is identified on the document as being an author, source or recipient of the Confidential Information, the document refers or relates to the witness or the witness is employed by the party who produced the Confidential Information, in which case the witness may be questioned regarding the document. That portion of any deposition transcript, including attached exhibits, which discloses, pertains to, refers to, or incorporates Confidential Information shall be treated according to the terms of this Protective Order and shall be deemed to be Confidential Information.

17. All Confidential Information filed with the Court shall be filed under seal in a manner consistent with D.C. Colo. L.Civ. R. 7.2 and 7.3.

18. This Protective Order shall be deemed to continue even after any litigation between the parties terminates. Within sixty (60) days after the conclusion of this action, including

any appeals, all documents, objects, and other materials produced or designated by a producing party as containing Confidential Information, and all reproductions, excerpts, notes, summaries and digests thereof, shall be returned to the producing party or shall be destroyed, at the option of the party receiving such materials from a producing party.  The receiving party shall furnish to the other parties a certification that the Confidential Information and/or documents that have been returned or destroyed; *provided* however, that counsel may retain one complete copy of all transcripts, pleadings and memoranda, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order.

19. Should a third-party seek access to Confidential Information, by request, subpoena or otherwise, the subpoenaed party shall promptly notify all other parties so as to provide the party whose Confidential Information is requested by the subpoena sufficient time to seek a protective order before the information requested by the subpoena is produced.  Regardless of whether the Party whose Confidential Information is requested by the subpoena seeks a protective order, the subpoenaed party shall not produce such Confidential Information unless the subpoenaing parties agree to sign the Protective Order (restricting the use of the Confidential Information exclusively to their litigation) or unless the subpoenaed parties are ordered to produce such Confidential Information by any court.

20. Any dispute which arises under this Protective Order, including any effort to contest the designation of Confidential Information as Confidential or Confidential – Attorneys Only, shall be resolved by motion made before the Court pursuant to the Federal Rules of Civil Procedure and applicable local or court rules.

21. Prior to the use of any Confidential Information at any hearing held in open court, counsel desiring to use such Confidential Information shall provide reasonable notice to all counsel executing this Protective Order and allow all counsel executing this Protective Order the opportunity to object to the disclosure of Confidential Information in open court.

22. The inadvertent or unintentional production or disclosure of Confidential Information by a party owning such Confidential Information that should have been designated

"Confidential" or "Confidential-Attorneys Only," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information or document disclosed or as to any other document or information containing the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed or produced that the material should be designated "Confidential" or "Confidential – Attorneys Only." Such notice shall constitute a designation of the information as Confidential Information under this Protective Order and the receiving party shall either (i) mark all documents that include the Confidential Information (including any documents provided by paragraph 3) with the appropriate designation and/or (ii) return the documents to the designating party so that the designating party can affix the appropriate designations to the documents.

23. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party, or by order of this Court for good cause shown. Determination of this civil action shall not automatically terminate the directives of this Protective Order.

24. The provisions of this Protective Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Protective Order, to enforce this Protective Order.

25. It is expressly contemplated and agreed that any non-party may invoke all provisions of this Protective Order which are available to a producing party, and that the parties, in accordance with the terms of this Protective Order, will treat as Confidential Information, all information of a non-party that is designated as such in writing by the non-party, its representative, or any party that in good faith believes such non-party's information contains or embodies its Confidential Information.

26. Nothing contained in this Order shall be construed to require production of

Confidential Information deemed by counsel or record for the producing party to be privileged or otherwise protected from discovery.

27.     Nothing herein shall be construed (a) as preventing a party from using or continuing to use any information that is already known to the party, or which is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party.  Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the producing party.

Dated this 28th day of November, 2006.

Respectfully submitted,

| s/ David J. Sheikh | s/ Jane Michaels |
|---|---|
| David J. Sheikh | Jane Michaels |
| Gregory P. Casimer | Libby A. Huskey |
| NIRO, SCAVONE, HALLER & NIRO | HOLLAND & HART LLP |
| 181 W. Madison St., Suite 4600 | 555 Seventeenth Street |
| Chicago, IL 60602 | Denver, CO 80202-3979 |
| Phone: (312) 236-0733 | Phone: (303) 295-8162 |
| Fax: (312) 236-3137 | Fax: (303) 713-6246 |
| Email: sheikh@nshn.com | Email: jmichaels@hollandhart.com |
| Email: casimer@nshn.com | Email: lahuskey@hollandhart.com |

**Attorneys for Plaintiff**
**PhatRat Technology, Inc.**

Of Counsel:
Laurence S. Rogers
Steven Pepe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 596-9000
Fax: (212) 596-9090
Email: laurence.rogers@ropesgray.com
Email: steven.pepe@ropesgray.com
**Attorneys for Defendant**
**Timex Corporation**

**DONE AND ORDERED** this 29th day of November, 2006.

BY THE COURT:

12

        s/ Boyd N. Boland
        United States Magistrate Judge

3637138_1.DOC

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01447-MSK-BNB

PHATRAT TECHNOLOGY, INC.,

    Plaintiff and Counterclaim-Defendant,

vs.

TIMEX CORPORATION

    Defendant and Counterclaim-Plaintiff.

_____

**CONFIDENTIALITY CERTIFICATE**

_____

    I certify my understanding that access to confidential material is provided to me pursuant to the terms and restrictions of an Agreed Confidentiality Agreement and Protective Order ("Confidentiality Order") among the parties to this action, dated _____, 200_, and that I have been given a copy of, and have read, the Confidentiality Order and agree to be bound by its terms. I understand that the contents of the Confidential Information (as defined in the Confidentiality Order) and any notes or other memoranda or any other forms of information which disclose confidential materials, shall not be disclosed by me to anyone other than in accordance with the Confidentiality Order and shall be used by me only for the purposes of the above-captioned litigation as set forth therein.

    I will store and protect all Confidential Information that is disclosed to me with at least the same degree of care that I use to protect my own confidential, proprietary and trade secret information, and in no event less than a reasonable standard or care. At the termination of this action or any time requested by counsel, I will return to counsel for the party by whom I am retained or employed all documents and other materials, containing or reflecting Confidential Information which

have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

I agree to be subject to the personal jurisdiction of the United States District Court for the District of Colorado, for purposes of enforcement of this Confidentiality Certificate and the Confidentiality Order. I understand that if I violate the provisions of the Confidentiality Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing or producing party.

By: _____

Title: _____

Representing: _____

Date: _____